**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **EDWARD D. RICE, et al.**, | * |
| Plaintiffs | * |
| | * Civil No. **PJM 10-07** |
| **PNC BANK, N.A., et al.** | * |
| Defendants | * |

## MEMORANDUM OPINION

Edward and Wendy Rice have sued PNC Bank, N.A., 1st Financial, Inc., and Damien Sisca, alleging that Defendants violated the Truth in Lending Act and Regulation Z because they did not provide Plaintiffs with two copies of the Notice of the Right to Rescind when they obtained a refinance mortgage loan secured by their home.

PNC Bank has filed a Motion to Dismiss [Paper No. 6], arguing that Plaintiffs' claims are time-barred because the statute of limitations has run.[1] Plaintiffs have filed a Motion to File Amended Complaint [Paper No. 17], requesting that the Court grant them leave to amend, so that they can plead the necessary facts with sufficient particularity.

For the foregoing reasons, Plaintiffs' Motion to File Amended Complaint is **DENIED**, and PNC Bank's Motion to Dismiss is **GRANTED**.[2]

---

[1] Defendants 1st Financial, Inc. and Damien Sisca are not also movants since it appears they have yet to be served. Plaintiffs are directed to serve these two Defendants within 60 days, and 1st Financial, Inc. and Damien Sisca are directed to respond within 20 days following service upon them.

[2] PNC Bank has also submitted a Motion to Strike Plaintiffs' Motion to File Amended Complaint [Paper No. 20]. Because the Court denies Plaintiffs' Motion to File Amended Complaint, PNC Bank's Motion to Strike is deemed **MOOT**.

1

**I.**

Plaintiffs refinanced the mortgage on their home in Bowie, Maryland, which closed on January 9, 2004. According to Plaintiffs, only Damien Sisca, an employee and agent of 1st Financial, Inc., attended the closing. Plaintiffs allege that the loan documents provided to them at closing did not include two copies of a Notice of the Right to Rescind, as required by the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*. On June 8, 2007, Plaintiffs opened a home equity line of credit with 1st Financial, and received several new loan documents, including two copies of the Notice of the Right to Rescind. At this time, Plaintiffs say that they learned of their TILA rights.

Toward the end of 2009, Plaintiffs home went into foreclosure for apparent nonpayment of the mortgage debt. On December 4, 2009, they filed a Complaint in the Circuit Court for Prince George's County, seeking an injunction to stay the foreclosure of their home by PNC Bank, an event that was scheduled to occur on December 4, 2009. Plaintiffs also sought monetary damages based on TILA and Regulation Z violations. On January 4, 2010, PNC Bank removed the case to this Court.

The Court considers PNC Bank's Motion to Dismiss and Plaintiffs' Motion to File Amended Complaint.

**II.**

A motion to dismiss filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcraft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When ruling on a Rule 12(b)(6) motion, the court must accept all factual allegations contained in the complaint as true, *Francis*, 588 F.3d at 192, and must construe the factual allegations in the light most favorable to the plaintiff, *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quotation marks and citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

### III.

Because Plaintiffs are seeking leave to file an amended complaint more than 21 days after PNC Bank filed its motion to dismiss under Rule 12(b)(6),[3] they may not amend their Complaint as a matter of course. *See* FED. R. CIV. P. 15(a)(1) (explaining that a "party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)"). They must instead seek the court's leave to do so. *See* FED. R. CIV. P. 15(a)(2) (providing that when a party cannot amend its pleading as a matter of course, and the opposing party does not consent, a party can "amend its pleading only with . . . the court's leave").

Under Rule 15(a)(2), the court is directed to freely grant leave to amend "when justice so requires." *Id.* However, "a district court may deny leave if amending the complaint would be futile." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *see also, e.g., Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (explaining that a court should grant leave to amend unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the

---

[3] Plaintiffs filed their Motion to File Amended Complaint 36 days after PNC Bank filed its Motion to Dismiss.

amendment would have been futile" (quotation marks and citation omitted)).  Determining whether an amendment would be futile is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  *Openshaw v. Cohen, Klingenstein, & Marks, Inc.*, 320 F. Supp. 2d 357, 359 (D. Md. 2004) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

The Court finds that amendment of the Complaint in this case would be futile for the same reason that their current Complaint is infirm.  Quite simply, Plaintiffs' claims are time-barred under TILA and Regulation Z.

15 U.S.C. § 1640(e) provides that any action for monetary damages under TILA can "be brought . . . within one year from the date of the occurrence of the violation," which in this case would be January 9, 2004, the date when Plaintiffs closed the first loan transaction, the transaction that Plaintiffs contend violated TILA.  This same one-year statute of limitations applies to violations of Regulation Z.  12 C.F.R. § 226.1(e) (2010).  Thus, Plaintiffs' TILA and Regulation Z claims are time-barred because they filed their Complaint on December 4, 2009, well after the one-year statute of limitations had run.

Several courts, including this Court, have held, however, that the equitable doctrine of fraudulent concealment can toll the statute of limitations for monetary damages claims under TILA.  *See, e.g., Kerby v. Mortgage Funding Corp.*, 992 F. Supp. 787, 798 (D. Md. 1998) (holding that the doctrine of fraudulent concealment can toll the statute of limitations established in 15 U.S.C. § 1640(e) for monetary damages claims under TILA); *see also Espejo v. George Mason Mortgage, LLC*, No. 1:09CV1295, 2010 WL 447009, at *6 (E.D. Va. Feb. 2, 2010) (identifying four different U.S. Courts of Appeals that have held that the statute of limitations for monetary damages under TILA is subject to equitable tolling).  That doctrine does not avail Plaintiffs in this case however.

Assuming fraudulent concealment were in issue, Plaintiffs' claims for monetary damages based on violations of TILA and Regulation Z would still be time-barred. As the Court of Appeals for the Fourth Circuit has explained, "the fraudulent concealment doctrine tolls the statute of limitations 'until the plaintiff in the exercise of reasonable diligence discovered or should have discovered the alleged fraud or concealment.'" *Browning v. Tiger's Eye Benefits Consulting*, 313 F. App'x 656, 663 (4th Cir. 2009) (citation omitted). Exercising reasonable diligence, Plaintiffs should have discovered any alleged fraud or concealment relating to their first loan transaction by June 8, 2007, the date on which they opened a home equity line of credit and received two copies of the Notice of the Right to Rescind, the date Plaintiffs concede they learned of their TILA rights. Because Plaintiffs did not file their Complaint until December 4, 2009, more than one year after June 8, 2007, there can be no tolling of the statute limitations and, as a result, any amendment to the current Complaint would be futile.

As to claims for rescission under TILA, 15 U.S.C. § 1635(f) provides that the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." Because 15 U.S.C. § 1635(f) is a statute of repose, not a statute of limitations, the Fourth Circuit has held that this provision imposes an "absolute time limit," which cannot be tolled. *Jones v. Saxon Mortgage, Inc.*, 537 F.3d 320, 327 (4th Cir. 1998). Accordingly, since Plaintiffs filed their Complaint more than three years after January 9, 2004, the date when they consummated the relevant loan transaction, any claim for rescission under TILA would be time-barred, and any amendment to the Complaint would be futile.

Given that Plaintiffs' claims under TILA and Regulation Z are time-barred, these claims cannot survive a motion to dismiss. *See, e.g., Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (affirming a district court's dismissal with prejudice when amendment would

have been futile); *see also Cherrey v. Diaz*, No. 92-1524, 1993 WL 118099, at *1 n.1 (4th Cir. Apr. 16, 1993) (per curiam) (describing "the general rule that a time barred complaint should be dismissed for failure to state a claim").  In consequence, with no viable TILA and Regulation Z claims, there is no basis upon which the Court can grant injunctive relief.

**IV.**

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to File Amended Complaint [Paper No. 17], and **GRANTS** Defendant PNC Bank's Motion to Dismiss [Paper No. 6].

A separate Order will issue.

**April 26, 2010**

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**